Opinion filed December 10,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00353-CV

                                                    __________

 

                                      IN
RE JOSEFINA MORENO



 

                                         Original
Mandamus Proceeding

 



 

M E M O R A N D U
M   O P I N I O N

 

Juan
Moreno and Jaime Moreno filed a petition for writ of mandamus complaining of
the trial court’s order appointing a temporary guardian for their mother,
Josefina Moreno.  Because Juan and Jaime have not carried their burden of
proof, we deny the petition.  

I.  Background
Facts

Delfa
Rodriguez, Josefina’s daughter, filed an application for the appointment of a
temporary guardian of the person and estate of Josefina.  The trial court
scheduled a hearing.  Juan and Jaime filed a motion for continuance.  The trial
court denied their motion and conducted the hearing.  The trial court found by
clear and convincing evidence that an imminent necessity existed for the
appointment of a temporary guardian, and it appointed Delfa temporary guardian
of the person and estate of Josefina.  The trial court gave Delfa the authority
to consent to medical treatment for Josefina; to make arrangements for
Josefina’s housing, including the authority to place her in an assisted care
facility; to administer any government funds Josefina received; and to apply
for insurance or public benefits in Josefina’s name.

II. 
Issues

Juan
and Jaime challenge this order with four issues.  They argue that the evidence
was insufficient because Delfa’s application was based upon an outdated and
incomplete physician’s report, that the trial court abused its discretion by
denying their motion for continuance, that the trial court erred by naming
Delfa temporary guardian, and that the trial court denied them their due
process rights.

III. 
Standard of Review

To
be entitled to the extraordinary relief of a writ of mandamus, Juan and Jaime
must show that the trial court abused its discretion and that there is no
adequate appellate remedy.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135-36 (Tex. 2004).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute clear and prejudicial
error of law or if it clearly fails to correctly analyze or apply the law.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding).

Clear
and convincing evidence means the measure or degree of proof that will produce
in the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established. Tex.
Fam. Code Ann. § 101.007 (Vernon 2008). When reviewing factual findings
required to be made by clear and convincing evidence, we apply a standard of
review that reflects this burden of proof.  In evaluating the legal sufficiency
of the evidence, we review all the evidence in the light most favorable to the
finding to determine whether a reasonable factfinder could have formed a firm
belief or conviction that the finding was true.  In re J.F.C., 96 S.W.3d
256, 266 (Tex. 2002).  In doing so, we assume the factfinder resolved disputed
facts in favor of the finding if a reasonable factfinder could do so, and we
disregard all evidence that a reasonable factfinder could have disbelieved or
found to have been incredible.  Id.  In a factual sufficiency review, we
must also determine whether a factfinder could reasonably form a firm belief or
conviction about the truth of the allegations.  Id.  If, in light of the
entire record, the disputed evidence that a reasonable factfinder could not
have credited in favor of the finding is so significant that a factfinder could
not have reasonably formed a firm belief or conviction, then the evidence is factually
insufficient.  Id.

IV. 
Discussion

A.    
 Sufficiency of the Evidence.

Juan
and Jaime complain first that the trial court erred when it found that Josefina
was totally incapacitated because Delfa did not file a medical report in
compliance with Tex. Prob. Code Ann. §
687 (Vernon Supp. 2010).  Juan and Jaime, however, fail to appreciate that this
was not a guardianship proceeding but was a temporary guardianship proceeding. 
Consequently, the application was governed by Section 875.

Section
875 does not require a medical report or a recent medical exam. Delfa’s
application for temporary guardianship did, however, include a medical report. 
The physician’s name is illegible, but the report indicates that the physician
saw Josefina six times from January 5, 2010, through June 22, 2010.  The
physician reported that Josefina suffers from several physical conditions,
including Parkinson’s disease; that she has “SEVERE” cognitive impairment, suffering
from Alzheimer’s dementia and anxiety disorder; and that she is totally
incapacitated.

Juan
and Jaime complain that, because the physician last saw Josefina on June 22, the
trial court could not consider these findings.  Section 687 requires that the
physician’s report be less than 120 days old and be based upon an examination
performed not earlier than the 120th day before the filing of the application. 
Delfa filed her application on October 29.  Josefina’s last exam was,
therefore, 129 days before the filing of the application.  Nonetheless, the trial
court did not err by considering the physician’s report.  First, Section 687
does not apply to an application for temporary guardianship.  Second, Juan and Jaime
did not object to the report at any time before or during the hearing.

The
date of the last examination is a relevant factor, but it does not require
rejection of the physician’s findings.  The trial court could consider that the
physician’s findings were corroborated by lay witnesses.  Lesvia Vela, a friend
of Josefina, testified that it is obvious that Josefina suffers from
Parkinson’s and dementia.  Delfa testified that her mother has declined.  
Delfa’s daughter, Erika Rodriguez, testified that her grandmother has
deteriorated and that she needs to be taken care of.  The physician’s report was
contradicted by one witness, Ben Dominguez.  He works for the Department of
Family and Protective Services, and he investigated allegations involving
Josefina.  According to Dominguez, the Department determined that Josefina did
have the mental capacity to make her own decisions.  The trial court could,
however, reasonably conclude that a physician was in a better position to
evaluate Josefina’s competency than the Department.  The trial court could also
consider that the physician’s determination was based upon several examinations
and that Parkinson’s and dementia are permanent and debilitating conditions. 
If so, the trial court could find the evidence that Josefina was incapacitated
credible and could form a firm belief or conviction that she was in need of a
temporary guardian.  Issue One is overruled.

B.    
 Continuance.

Juan
and Jaime next complain that the trial court abused its discretion by denying
their motion for continuance.  They asked the court to continue the hearing to
give them more time to secure an expert witness.  Section 875(f)(1) requires
the trial court to hold a hearing on an application for appointment of a
temporary guardian within ten days of the filing of the application unless the
hearing date is postponed pursuant to Section 875(f)(2).  In this instance, the
court can postpone the hearing for a period not to exceed thirty days after the
filing date of the application.  The application was filed on October 29.  The
hearing was held on November 23.  Juan and Jaime’s motion for continuance
reflects that the hearing had been previously reset once, but the mandamus
record does not indicate why.

The
trial court did not abuse its discretion by denying the motion for
continuance.  The court was required to hold the hearing within thirty days
of October 29.  Because November 25 was Thanksgiving, the November 23
setting was, essentially, at the end of the statutory deadline.  The court
could, potentially, have moved the hearing one day to November 24, but it is
clear from the record that this would not have allowed Juan and Jaime time to
secure an expert.  Issue Two is overruled.

C.    
Delfa’s Appointment.

Juan
and Jaime argue in their third issue that the trial court erred by appointing
Delfa temporary guardian because (1) Josefina fears her, (2) Delfa expelled
Josefina from her house, and (3) Josefina had expressed a preference to stay
with her sons.  Despite the disparaging comments about Delfa in the wording of
their third issue, Juan and Jaime do not cite this court to a single record
reference supporting the allegations that Josefina fears Delfa or that Delfa
expelled Josefina from her home.  We have independently reviewed the entire
record and find absolutely no evidence to support either accusation.  There are
cross-examination questions and side-bar comments from counsel suggesting all
manner of bad behavior by Delfa and her witnesses, but these accusations were
always denied and their denials were never refuted by any witness.  Counsel’s
comments are not evidence, and these accusations should not have been repeated
in this manner without evidentiary support.

Dominguez
did testify that Josefina expressed a desire to stay with one of her sons
rather than live with Delfa.  But Erika testified that last September her
grandmother called and said that she wanted to come back.  Erika and her father
went to Jaime’s house, but he prevented them from taking Josefina.  And by this
time, Josefina had changed her mind and had decided to stay.  According to
Erika, the time from Josefina’s phone call to her subsequent decision to stay
with Jaime was only fifteen minutes.  If the trial court found Erika’s
testimony credible, it could reasonably discount any expression of preference
by Josefina.

The
trial court could reasonably consider evidence that Delfa had taken care of
both of her parents for several years and that, prior to her deterioration,
Josefina had been appreciative of this support.  The trial court could similarly
consider testimony from a hospice nurse, who provided services to Josefina’s
husband, that Delfa provided her parents with excellent care;  Dominguez’s
testimony that Adult Protective Services investigated a complaint against Delfa
and found no grounds for any charges against her; and Delfa’s testimony that
she was very knowledgeable about her mother’s health and had made arrangements
in her home to take care of her mother.  For example, Delfa had a room that
would accommodate a wheelchair and a bathroom with bars in the shower and next
to the toilet.

Finally,
Juan and Jaime argue that Delfa has an interest adverse to Josefina.  In
support of this, they point to the application, which included a request for
the authority to place Josefina in an assisted living center, and they contrast
this with Delfa’s testimony that her intent was to keep Josefina in her home. 
This may be grounds for cross-examination, but it is insufficient to create an
adverse interest.  

The
trial court had sufficient evidence upon which to conclude that Delfa was an
appropriate person to name as temporary guardian.  Issue Three is overruled.

D.   
 Due Process.

In
their last issue, Juan and Jaime complain that their due process rights were
violated when the trial court imposed time limits on the hearing.  The hearing
began at 2:00 p.m.  The trial court announced that it had several other matters
scheduled for that day beginning at 2:30 p.m. and, therefore, that each
side would be given fifteen minutes.  Juan and Jaime complain that this time
constraint prevented consideration of many issues.

Juan
and Jaime recognize that trial courts have substantial discretion when managing
their docket.  Every trial court has the inherent power to control the
disposition of the cases on its docket with economy of time and effort for
itself, for counsel, and for litigants.  Metzger v. Sebek, 892 S.W.2d
20, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied).  The control given
the trial judge must be exercised reasonably, and a party must be given a fair
opportunity to present its case so that the factfinder may ascertain the
truth.  Sims v. Brackett, 885 S.W.2d 450, 455 (Tex. App.—Corpus Christi
1994, writ denied).

            Ordinarily,
limiting a party to fifteen minutes to present its case in such an important
situation would be disconcerting.  But the trial court was, for all
practical purposes, at the end of the statutory period available to hold a
hearing.  It had four other matters scheduled for that afternoon,
including three juvenile procedings.  Each side received fifteen minutes
because that was all the time that the court could give them.  

It
is important to also appreciate that this was a temporary guardianship
proceeding to consider if an interim arrangement was necessary until a regular
guardianship proceeding could be held.  Juan and Jaime suggest that the
attorney ad litem wanted to continue the hearing.  However, what he said was:

Your
Honor, I’ve not had an opportunity to speak with my client, but what does
concern me is that we do have the medical issues, the diagnoses.  I believe the
doctor would have enough to be able to recognize that there is cognitive
impairment due to the Alzheimer’s and the dementia issues.

 

So
I think that if it’s going to be continued that that is certainly fine, but I
think that what needs to be done is the temporary guardianship needs to be put
into place pending the next hearing.

 

The attorney ad
litem did not attempt to continue the temporary guardianship hearing, and he
has not joined Juan and Jaime’s mandamus proceeding.  The trial court has set a
hearing to consider the appointment of a permanent guardian on February 8. Juan
and Jaime will have ample opportunity to secure an expert before then. Nothing
the trial court did at the temporary guardianship hearing will prejudice their
ability to present all of their evidence at that hearing.

The
trial court was presented with evidence indicating that a temporary
guardianship might be necessary and, for all practical purposes, could only
consider that request on November 23.  The trial court, therefore, did not
deny Juan and Jaime’s rights to due process.  Issue Four is overruled.

V.  Conclusion

The
petition for writ of mandamus is denied.

                                                                              

            

RICK STRANGE

                                                                                    JUSTICE

 

December 10,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.